FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 03 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DR. SIMPSON GRAY,

                       Plaintiff,

          -against-

THE CITY OF NEW YORK, *et al.*,

                      Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3039 (SLT)(CLP)

**TOWNES, United States District Judge:**

       Since entering its most recent order in this case on January 24, 2011 (the "January 24 Order"), this Court has received five letters from plaintiff, Dr. Simpson Gray.[1] In addition, this Court has received copies of defendant Lynn Almeleh's motion to dismiss, accompanied by a cover letter dated January 25, 2011, in which Ms. Almeleh indicates that she intends to proceed *pro se* and has served a courtesy copy of her motion papers on plaintiff.

       The first of plaintiff's five letters – the first of two letters dated January 15, 2011 – principally raises scheduling concerns that were mooted by this Court's January 24 Order. However, plaintiff also states that he had yet to receive a copy of Ms. Ameleh's letter dated January 3, 2011, or this Court's Order dated December 8, 2010. Since Ms. Ameleh's letter indicates that a copy was sent to plaintiff at 165-30 145th Street, Jamaica, New York 11434, and the docket sheet reflects that a copy of this Court's December 8 Order was mailed to plaintiff at that same address, this Court trusts that plaintiff has received these documents by now. In any

---

[1] Although the first two of these letters are dated January 15, 2011, the third is dated January 21, 2011, and the fourth is dated January 22, 2011, the first three of these letters were apparently received by the Clerk's Office and docketed on January 26, 2011, and the fourth was received by the Court on February 1, 2011, and docketed February 2, 2011. Accordingly, even though this Court's January 24 Order postdates these three letters, it was signed before any of the letters were received.


CM
by chambers

event, both of these documents have been electronically docketed (under Docket Entries 38 and 33, respectively) and are accessible through the computer terminals in the Clerk's Office.

Plaintiff's second letter – also dated January 15, 2011, and characterized by plaintiff as "Part B" – expresses confusion regarding the final sentence in the second paragraph of this Court's Order dated January 7, 2011. As plaintiff surmises, the references to plaintiff in this sentence should be references to Ms. Ameleh. However, in light of Ms. Almeleh's decision to proceed *pro se*, this Court need not amend the order to alter this sentence, which directed Ms. Almeleh's counsel to file a pre-motion conference request under certain circumstances.

Plaintiff's third and fourth letters, dated January 21 and 22, respectively, suggest that plaintiff may be confused about the function that pleadings serve. In the third letter, plaintiff expresses concern that something more than "notice pleading" may be required in this case. In the fourth letter, plaintiff notes that he has been served with two copies of the City Defendants' motion to dismiss (presumably, a motion relating to plaintiff's original complaint and an amended motion relating to the amended complaint that plaintiff filed on January 11, 2011); expresses concern that he will have to respond to both motions; and states that he looks "forward to the opportunity to address each of [the City Defendants' arguments] in plaintiff's next amended complaint . . . ." Plaintiff's letter dated Jan. 22, 2011, at 2.

The "notice pleading standard," set forth in Rule 8(a) of the Federal Rules of Civil Procedure, is applicable to plaintiff's pleadings. Rule 8(a) provides that a complaint must contain:

>  (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While there are more stringent pleading requirements for pleading "special matters," such as fraud, *see* Fed. R. Civ. P. 9(d), there is no heightened pleading requirement for civil rights complaints. *See Boykin v. Keycorp*, 512 F.3d 202, 215 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim," since "[f]actual allegations alone are what matters." *McEachin v. McGuinnis*, 357 F.3d 197, 199 n. 2 (2d Cir. 2004).

Moreover, courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006). "This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). To be sure, this Court cannot read into *pro se* submissions claims that are inconsistent with the *pro se* litigant's allegations, *Phillips v. Girdich*,

3

408 F.3d 124, 127 (2d Cir. 2005), or arguments that the submissions themselves do not "suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, a *pro se* complaint should not be dismissed without granting the *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (*per curiam*).

In this case, defendants are moving to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In considering these motions, this Court must accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006). Accordingly, unless plaintiff's original pleading omitted the facts necessary to suggest a particular claim, plaintiff may not need to amend the pleading. Rather, plaintiff may wish to concentrate on responding to the legal arguments raised by the defendants. If plaintiff has any procedural questions, this Court encourages plaintiff to contact the Pro Se Office at this courthouse or to call that office at (718) 613-2665.

Plaintiff's fifth letter, dated January 27, 2011, essentially seeks reconsideration of that portion of this Court's January 24 order which required him to move for permission to amend his complaint pursuant to Rule 15(a). Reconsideration is appropriate, especially since plaintiff has already been served with copies of all of the motions to dismiss the original complaint and since Ms. Almeleh's *pro se* motion to dismiss raises issues which were not discussed in her earlier correspondence with this Court. Accordingly, this Court's order dated January 24, 2011, is vacated and it is hereby

**ORDERED** that the parties shall observe the following briefing schedule:

1. Plaintiff is granted leave to file an amended complaint. Plaintiff shall serve and file either his amended complaint or his response to the defendants' motions to dismiss his original complaint on or before March 4, 2011.

2. If plaintiff files an amended complaint, the defendants shall have until March 25, 2011, in which to amend their motions to dismiss. If plaintiff elects to respond to defendants' motions to dismiss his original complaint, defendants shall have until March 25, 2011, in which to serve and file their reply papers.

3. If defendants amend their motion papers, plaintiff shall serve and file his response to those amended motion papers on or before April 22, 2011, and defendants shall have until May 6, 2011, in which to serve and file their reply papers.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February ⍺ , 2011
Brooklyn, New York