UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DR. SIMPSON GRAY,

                Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3039 (SLT)(CLP)

**TOWNES, United States District Judge:**

In a memorandum and order dated February 2, 2011, this Court granted *pro se* plaintiff, Dr. Simpson Gray, permission to file an amended complaint. In that same memorandum and order, this Court set a briefing schedule for defendants' motions to dismiss that pleading.

Plaintiff filed his amended complaint on March 14, 2011, and plaintiff is now in the process of drafting a response to defendants' motions to dismiss. However, in early April 2011, the U.S. Equal Employment Opportunity Commission issued plaintiff a right-to-sue letter, apparently in connection with a charge of discrimination in which plaintiff alleged that one or more of the City Defendants had retaliated against him. In a letter dated April 12, 2011, plaintiff now seeks permission to move to amend his complaint to add the recently exhausted retaliation claim. In addition, in a letter dated April 18, 2011, plaintiff requests a pre-motion conference, noting that he is having "difficulty establishing a procedure for responding to . . . complex legal issues" raised in defendants' motion papers. Finally, in a letter dated April 22, 2011, plaintiff requests that his time to respond to defendants' motions be extended to May 13, 2011.

In response to the first of these letters, this Court's Individual Motion Practices and Rules do not require that a *pro se* litigant seek permission to move to amend his pleadings pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See* Individual Motion Practices & Rules of



Judge Sandra L. Townes, § III.A (available at http://www.nyed.uscourts.gov/pub/rules/SLT-MLR.pdf). Accordingly, plaintiff may file a cross-motion if he wishes. While a retaliation claim may not be foreclosed by a determination that the underlying discrimination claim is without merit, a motion to amend pleadings would obviously be moot if the pleadings have already been dismissed. Therefore, if plaintiff wishes to file such a motion, he must file it on or before May 16, 2011. Alternatively, plaintiff may elect to raise the retaliation claim in a separate action.

In response to the second of these letters, this Court notes that pre-motion conferences are conducted prior to the setting of a briefing schedule, generally for the purpose of winnowing out motions (or individual arguments) that are either premature or clearly without merit. The fact that a briefing schedule has been already been set, therefore, implies that this Court has determined that a pre-motion conference is unnecessary or would not be productive. Even if conducted, a pre-motion conference would not assist plaintiff in "establishing a procedure for responding to . . . complex legal issues." If plaintiff has procedural questions concerning how to respond to defendants' motions, he may address these to the Pro Se Office at this Courthouse or call the Pro Se Office at (718) 613-2665.

Finally, in response to the third of plaintiff's letters, plaintiff's time to respond to defendants' motions to dismiss is hereby extended to May 13, 2011. Defendants shall have until May 27, 2011, to serve a reply and file all papers relating to the motions.

**SO ORDERED:**

/s/ SANDRA L. TOWNES
United States District Judge

Dated: April 27, 2011
Brooklyn, New York