UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DR. SIMPSON GRAY,

                       Plaintiff,               **MEMORANDUM AND ORDER**

            -against-                        10-CV-3039 (SLT)(CLP)

THE CITY OF NEW YORK, *et al.*,

                       Defendants.
-------------------------------------------------------x

**TOWNES, United States District Judge:**

      This Court is in receipt of a letter from plaintiff, Dr. Simpson Gray, dated April 27, 2011. In that letter, Dr. Gray quotes section III.A of this Court's Individual Motion Practices and Rules – which requires that represented parties request a pre-motion conference before making certain motions, such as a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure – and asserts, "[u]pon information and belief, none of the attorneys representing defendants . . . requested a pre-motion conference." Letter to Hon. Sandra L. Townes, dated Apr. 27, 2011. Plaintiff requests that this Court "require that defendants' comply with that Rule, or stay the May 2 . . . deadline ten days or two weeks . . . ."

      Plaintiff's assertion is incorrect. The defendants did, in fact, request a pre-motion conference. *See* Docket Numbers 25-27. This Court declined to hold a pre-motion conference, however, because it determined that such a conference "would not be useful under the circumstances of this case." *See* Order dated Dec. 8, 2010. Instead, this Court set a briefing schedule which directed, among other things, that defendants serve their motion by January 7, 2011.

On January 6, 2011 – one day prior to that deadline – one of the defendants, Claude Hersh, Esq., received in the mail an Amended Verified Complaint, dated January 4, 2011. *See* Letter to Hon. Sandra L. Townes from Steven A. Friedman, Esq., dated Jan. 7, 2011 ("Friedman Letter"), at 1. This Amended Verified Complaint, a copy of which was appended to the Friedman Letter, was almost identical to the original complaint, except that the amended pleading added two new paragraphs relating to Mr. Hersh. *See* Amended Complaint at ¶¶ 38 and 40.

Mr. Hersh, who represented that he had served his motion to dismiss on December 22, 2010, sought to add two new grounds for dismissal and requested guidance as to whether "to move to dismiss the Amended Complaint in an additional motion to dismiss," to "request leave to move again," or "to employ a different procedure." Friedman Letter at 2. Shortly thereafter, Corporation Counsel, who received a copy of the amended complaint on January 7, 2011, requested "that the Court waive the pre-motion conference and permit [the] City Defendants[] to serve their motion to dismiss the Amended Complaint." Letter to Hon. Sandra L. Townes from Assistant Corporation Counsel Abra Mason, dated Jan. 20, 2011, at 1. Ms. Almeleh did not seek permission to amend her motion and subsequently made clear that she sees no reason to do so. *See* Letter to Hon. Sandra L. Townes from Lynn B. Almeleh, Esq., dated Feb. 9, 2011.

In response to counsel's inquiries, this Court issued an order dated February 2, 2011. That order granted plaintiff leave to file an amended complaint, but noted, "unless plaintiff's original pleading omitted the facts necessary to suggest a particular claim, plaintiff may not need to amend the pleadings." Order dated Feb. 2, 2011, at 4. This Court gave plaintiff until March 4, 2011, in which to either serve and file the amended complaint or respond to defendants' motions

2

to dismiss the original complaint. This Court then set a briefing schedule for the filing of amended motions, which was to be followed in the event that plaintiff filed an amended complaint. As this Court has previously noted, "[t]he fact that a briefing schedule has been . . . been set . . . implies that this Court . . . determined that a pre-motion conference is unnecessary or would not be productive." See Memorandum and Order dated April 27, 2011, at 2.

Accordingly, this Court finds that defendants have complied with the requirements of section III.A of this Court's Individual Motion Practices and Rules. Although an extension of plaintiff's time to file his opposition to defendants' motions is not warranted on this ground, this Court notes that it has already extended plaintiff's time to May 13, 2011.

**SO ORDERED:**

s/Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: May 4 , 2011
Brooklyn, New York