UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DR. SIMPSON GRAY,

                                Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.,

                                Defendants.
------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 23 2011 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-3039 (SLT)(CLP)

**TOWNES, United States District Judge:**

By letter dated April 12, 2011, plaintiff Dr. Simpson Gray requested permission to file a cross-motion, including a motion to amend his complaint to add a recently exhausted retaliation claim. This Court responded to that letter in a Memorandum and Order dated April 27, 2011 (the "April 27 M&O"), which stated, in pertinent part:

> [T]his Court's Individual Motion Practices and Rules do not require that a *pro se* litigant seek permission to move to amend his pleadings pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See* Individual Motion Practices & Rules of Judge Sandra L. Townes, § III.A (available at http://www.nyed.uscourts.gov/pub/rules/SLT-MLR.pdf). Accordingly, plaintiff may file a cross-motion if he wishes. . . . [I]f plaintiff wishes to file such a motion, he must file it on or before May 16, 2011.

That same April 27 M&O extended plaintiff's time to respond to defendants' motions to dismiss to May 13, 2011.

According to the docket sheet, plaintiff has not yet responded to defendants' motions to dismiss. However, on May 12, 2011, plaintiff filed a Third Amended Verified Complaint along with a "Motion Pursuant to Rule 12(b)(6) for Summary Judgment on the Failure to Perform to Reverse Plaintiff's 5 'U' Ratings as per Post Charge Stip. of Settlement." The City Defendants responded to this filing in a letter dated May 16, 2011, in which they note, *inter alia*, that the April 27 M&O only granted plaintiff permission to cross-move to amend the complaint, not

permission to amend the complaint. In that same letter, the City Defendants also state that they will not respond to the Third Amended Verified Complaint unless this Court directs otherwise.

As this Court explained in its Memorandum and Order dated January 24, 2011, Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course" within a specified time period. Thereafter, the party must either obtain the written consent of the opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended his complaint once as a matter of course, and has neither obtained the written consent of the opposing parties nor obtained leave of this Court to file a third amended complaint. Accordingly, plaintiff's Third Amended Verified Complaint is stricken and defendants need not answer or otherwise respond to it.

Plaintiff may still cross-move to amend the complaint pursuant to Rule 15(a), as authorized by the April 27 M&O. However, plaintiff is advised that such a motion will not obviate the need to respond to defendants' motions to dismiss his Amended Verified Complaint. If plaintiff has not yet filed his response to defendants' motions to dismiss in the mistaken belief that it was no longer necessary to do so, plaintiff is directed to file that response immediately.

Although plaintiff's motion is labeled a "Motion Pursuant to Rule 12(b)(6) for Summary Judgment on the Failure to Perform to Reverse Plaintiff's 5 'U' Ratings as per Post Charge Stip. of Settlement," it relies upon plaintiff's sworn affidavit and other materials outside the four corners of the Amended Verified Complaint. Accordingly, that motion is construed as a motion for summary judgment, not a motion to dismiss pursuant to Rule 12(b)(6). Since discovery has not yet been completed, that motion for summary judgment is premature and is hereby denied without prejudice to renewing it upon completion of discovery.

## *CONCLUSION*

For the reasons set forth above, plaintiff's Third Amended Verified Complaint is stricken. If plaintiff has not yet filed his response to defendants' motions to dismiss in the mistaken belief that it was no longer necessary to do so, plaintiff is directed to file that response immediately.

Plaintiff's "Motion Pursuant to Rule 12(b)(6) for Summary Judgment on the Failure to Perform to Reverse Plaintiff's 5 'U' Ratings as per Post Charge Stip. of Settlement," is construed as a motion for summary judgment. Since that motion is premature, it is hereby denied without prejudice to renewing it upon completion of discovery.

**SO ORDERED:**

/SANDRA L. TOWNES  
United States District Judge

Dated: May 20, 2011  
Brooklyn, New York