**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 2 6 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
DR. SIMPSON GRAY,

                                    Plaintiff,

               -against-

THE CITY OF NEW YORK, *et al.*,

                                   Defendants.
----------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3039 (SLT)(CLP)

**TOWNES, United States District Judge:**

        This Order relates to those submissions which have thus far been filed in this case during the month of July 2011. The first two submissions are letters – one handwritten and one typewritten – from plaintiff Dr. Simpson Gray, both of which are dated July 1, 2011. In these letters, plaintiff states that he cannot recall receiving a copy of this Court's order of February 3, 2011; expresses uncertainty as to whether plaintiff may be missing deadlines; and requests a conference. However, in the third submission – a letter dated July 5, 2011 (the "July 5 Letter") – plaintiff states that he has filed responses to the motions to dismiss filed by defendant Hersh and the City Defendants, apologizes for failing to file a timely response to Ms. Ameleh's motion to dismiss, and attaches a copy of an affidavit in response to Ms. Ameleh's motion.

        Although the July 5 Letter implies that plaintiff may have resolved his uncertainty, this Court will summarize the history of defendants' motions. On December 8, 2010, this Court granted defendant Hersh and the City Defendants permission to move to dismiss. Defendant Ameleh, who sought to join in the motions of her co-defendants, was granted permission to argue that the claims against her were time-barred in that they arose more than three years before this

action was commenced. This Court set a briefing schedule which provided, *inter alia*, that the defendants would serve their motion papers on plaintiff by January 7, 2011.

On January 5, 2011 – two days before this deadline – plaintiff served an amended complaint on defendants. This Court struck this amended complaint, *see* Memorandum and Order dated Jan. 24, 2011, but subsequently granted plaintiff leave to file another amended complaint on or before March 4, 2011. *See* Memorandum and Order dated February 2, 2011, and filed February 3, 2011 (the "February 3 Order"). According to the docket sheet, a copy of the February 3 Order was mailed to plaintiff by chambers. There is nothing on the docket sheet to indicate that this mailing was returned to the Court.

Although plaintiff claims that he cannot recall receiving a copy of the February 3 Order, this Court notes that plaintiff served an "Amended Verified Complaint" on defendants on March 4, 2011. The fact that the amended pleading was served on the very date set forth in the February 3 Order provides convincing circumstantial evidence that plaintiff in fact received a copy of the February 3 Order.

The February 3 Order contained a briefing schedule which specified that defendants would serve their motions on March 25, 2011, and that plaintiff would respond to the motions on or before April 22, 2011. Plaintiff subsequently requested two extensions of time to file his opposition papers, both of which were granted. However, on the day before plaintiff's response to defendants' motions to dismiss was due, plaintiff filed a Third Amended Verified Complaint. In a memorandum and order dated May 20, 2011, this Court struck that complaint and directed plaintiff to file his opposition papers "immediately."

2

In a letter dated May 24, 2011, plaintiff requested yet more time to finalize his opposition papers. By Memorandum and Order dated June 2, 2011 (the "June 2 Order"), this Court extended plaintiff's time to respond to the opposition papers to June 17, 2011. In addition, the Court stated, "If plaintiff wishes to cross-move to amend his complaint, his motion for leave to amend the pleadings pursuant to Fed. R. Civ. P. 15(a) must also be filed by June 17, 2011." June 2 Order at 3. The Court expressly stated that it would not grant further extensions of these deadlines absent extraordinary circumstances, and gave defendants until July 22, 2011, in which to file their replies with respect to the motions to dismiss and to plaintiff's Rule 15(a) motion, if necessary.

On June 29, 2011, this Court received from plaintiff a "Notice of Cross Motion and Affidavit . . . in Opposition to Defendants' Motions to Dismiss" (hereafter, the "Opposition Papers"). Although this submission was dated June 16, 2011, an affidavit of service attached thereto indicates that plaintiff did not serve defendants with the Opposition Papers until June 27, 2011 – ten days after the deadline. In addition, although that submission was served on defendant Ameleh, plaintiff claims that he subsequently discovered that he inadvertently failed to address the arguments raised in Ms. Ameleh's motion. Accordingly, plaintiff's July 5 Letter attaches a copy of an affidavit in response to Ms. Ameleh's motion.

On July 6, 2011, defendant Hersh filed his fully briefed motion to dismiss, which included a copy of the Opposition Papers and a reply addressing arguments contained therein. On July 7, 2011, defendant Ameleh wrote this Court a letter, seeking to clarify the status of her motion to dismiss. In particular, Ms. Ameleh seeks to verify that her motion to dismiss,

purportedly "filed" on January 25, 2011,[1] has been deemed a motion to dismiss the Amended Verified Complaint which plaintiff purportedly served on March 4, 2011 (and filed with the Court on March 14, 2011). Ms. Ameleh does not expressly request that this Court strike the affidavit attached to plaintiff's July 5 Letter, but states that plaintiff has "thinly disguised contempt" for this Court's orders, and that his "egregious disrespect must come to an end" (Letter to Judge Townes from Lynn B. Ameleh, Esq., dated July 7, 2011, at 2.) In addition, Ms. Ameleh requests that this Court consider her July 7, 2011, letter to be a motion for summary judgment; notes that plaintiff has failed to answer the counterclaims included in her answer within the time allow under Fed. R. Civ. P. 12(a)(1)(B); and requests guidance from the Court regarding how to proceed.

On July 11, 2011, plaintiff served all defendants with an amended affidavit relating to both defendant Hersh's motion and defendant Ameleh's July 7, 2011, letter (the "Amended Affidavit"). By letter dated July 14, 2011, defendant Hersh requests that this Amended Affidavit be deemed a "nullity" (letter to Hon. Sandra L. Townes from Steven A. Friedman, Esq., dated July 14, 2011, at 2).

## DISCUSSION

Having described the history of this case in great detail above, this Court sees no need to hold a conference. This Court is uncertain whether plaintiff was ever genuinely confused about the status of defendants' motions or, as Ms. Ameleh suggests, is simply attempting to excuse his failure to comply with Court-established deadlines. Nonetheless, in light of plaintiff's *pro se*

---

[1] This Court assumes that Ms. Ameleh's motion was served on January 25, 2011, since the docket sheet reflects no such filing.

status, this Court will give plaintiff the benefit of the doubt and will not strike plaintiff's Opposition Papers, despite the fact that they were served ten days late and without any attempt to extend the Court-imposed deadline. However, since defendant Hersh replied to plaintiff's Opposition Papers and filed his fully briefed motion on July 6, 2011 – more than a week before plaintiff filed his Amended Affidavit – plaintiff's Amended Affidavit (Docket Entry #84) is stricken and will be disregarded. Plaintiff is warned that his continued failure to comply with Court deadlines may result in sanctions.

With respect to defendant Ameleh's letter of July 7, 2011, this Court clarifies that whatever dispositive motion Ms. Ameleh served on plaintiff in January 2011 is deemed to be a motion to dismiss the "Amended Verified Complaint" which plaintiff allegedly served on defendants on March 4, 2011 (Docket Entry #50). This is the operative pleading in this case, since the amended pleading which plaintiff served on defendants on January 5, 2011 (Docket Entry #40) and plaintiff's "Third Amended Complaint" (Docket Entry #59) have both been stricken. Defendant Ameleh is reminded that this Court has only authorized her to move to dismiss, not to move for summary judgment. Accordingly, Defendant Ameleh's request that this Court deem her July 7, 2011, letter to be a motion for summary judgment is denied.

Pursuant to the June 2 Order, defendant Ameleh and the City Defendants' have until July 22, 2011, in which to serve and file their replies to plaintiff's motion and responses to plaintiff's cross-motion. In light of plaintiff's delay in filing his Opposition Papers, this Court, *sua sponte*, extends that deadline to August 5, 2011. Defendants are not required to answer plaintiff's "Amended Complaint" until after this Court rules on defendants' motions to dismiss and plaintiff's motion to amend his pleadings. *See* Fed. R. Civ. P. 12(a)(4). This Court cannot give

guidance to any party – much less an attorney – regarding how to proceed. However, this Court notes that any attempt to obtain a default judgment against the *pro se* plaintiff at this juncture is unlikely to succeed.

## CONCLUSION

In light of plaintiff's *pro se* status, this Court and will not strike plaintiff's Opposition Papers or cross-motion for leave to amend the complaint (Docket Entry # 72). However, plaintiff's Amended Affidavit (Docket Entry # 84) is stricken.

The dispositive motion which Ms. Ameleh served on plaintiff in January 2011 is deemed to be a motion to dismiss the "Amended Verified Complaint" (Docket Entry #50), which is the operative pleading in this case. Defendant Ameleh's request that this Court deem her July 7, 2011, letter to be a motion for summary judgment is denied.

Defendant Ameleh and the City Defendants shall have until August 5, 2011, in which to serve a reply to plaintiff's Opposition Papers and to file that reply, if any, and their moving papers on ECF pursuant to section III.C of this Court's Individual Motion Practices and Rules (available at http://www.nyed.uscourts.gov/pub/rules/SLT-MLR.pdf). In addition, all defendants shall have until August 5, 2011, in which to serve and file responses to plaintiff's cross-motion for leave to amend the complaint.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: July 22, 2011
Brooklyn, New York

6