UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DR. SIMPSON GRAY,

                         Plaintiff,                     **MEMORANDUM AND ORDER**

     -against-                                       10-CV-3039 (SLT)(CLP)

THE CITY OF NEW YORK, *et al.*,

                         Defendants.
---------------------------------------------------------x
**TOWNES, United States District Judge:**

      By order dated May 29, 2013 (the "May 29 Order"), Magistrate Judge Pollak issued an order denying the *pro se* plaintiff's request for an expedited deposition of his psychologist, Dr. Charles Williams. In a letter dated June 2, 2013, plaintiff requests that this Court "overrule" the May 29 Order, alleging that the deposition – which had been noticed for June 20, 2013 – would not prejudice defendants and might render plaintiff unable to prove his damage claims. This Court construed plaintiff's letter as an objection to the May 29 Order and directed defendants to respond to that motion. Defendants having responded, this Court finds that plaintiff's objections to the May 29 Order are without merit.

## *BACKGROUND*

      On March 22, 2013, plaintiff wrote a letter to this Court requesting permission to depose his psychologist, Dr. Charles Williams, "prior to the issuance of a 'Discovery' order." Letter to Hon. Sandra L. Townes from Dr. Simpson Gray, dated Mar. 22, 2013, at 1. In that letter, plaintiff stated that Dr. Williams' health had "begun to deteriorate," prompting plaintiff to worry that his psychologist might "not be able to testify . . . when this matter goes to trial . . . ." *Id.* Plaintiff candidly admitted that he did not know "the nature, or severity of [Dr. Williams']

condition," but speculated that "time may be of the essence as far as obtaining the testimony of this witness. . . ." *Id.*

By endorsed order dated April 12, 2013 (Dkt. No. 135), this Court referred plaintiff's application to Judge Pollak, who scheduled a conference for May 1, 2013 (Dkt. No. 136). At that conference, Judge Pollak scheduled Dr. Williams' deposition for June 20, 2013. *See* Minute Entry dated May 1, 2013 (Dkt. No. 138); Order dated May 1, 2013 (Dkt. No. 139). However, Judge Pollak also ordered plaintiff (1) to "obtain a letter from Dr. Williams regarding the doctor's health" and (2) to provide executed authorizations for plaintiff's psychiatric records. *Id.*

On May 15, 2013, plaintiff noticed Dr. Williams' deposition for June 20, 2013 (Dkt. No. 140). On May 22, 2013, plaintiff wrote a handwritten letter to Judge Pollak, reporting that Dr. Williams had "made arrangements for [plaintiff's] medical records to be made available to the Court and the defendants." Letter to Hon. Cheryl Pollak from Dr. Gray dated May 22, 2013 (Dkt. No. 142). However, plaintiff did not provide a letter from Dr. Williams. Rather, plaintiff – apparently misconstruing Judge Pollak's May 1, 2013, order – asked that Judge Pollak "consider withdrawing the Court's request for [Dr. Williams'] personal medical records . . . ." *Id.*

On May 29, 2013, Judge Pollak held another conference to discuss the deposition of Dr. Williams. The Minute Entry relating to that conference (Dkt. No. 141) does not specify precisely what transpired. However, following that conference, Judge Pollak herself sought to obtain the information regarding Dr. Williams' health which the *pro se* plaintiff had yet to provide. According to May 29 Order, Judge Pollak "spoke with Carmen James, Director of the Risk Management Office of Flushing Hospital" – the facility where Dr. Williams works. Ms. James

informed Judge Pollak that Dr. Williams is 75 years old, but "works four days per week and believes himself to be in good health." *Id.*

In light of this information, Judge Pollak issued her May 29 Order. That order recounts the conversation with Ms. James, then concludes: "the Court finds that there is no reason to expedite the deposition of Dr. Williams at this time. The parties may revisit this issue if circumstances change."

*Plaintiff's Objection and Subsequent Submissions*

On Sunday, June 2, 2013, plaintiff faxed a letter requesting that this Court "overrule (set aside, or whatever it takes)" the May 29 Order. Letter to Hon. Sandra L. Townes from Dr. Simpson Gray, dated June 2, 2013 (Dkt. No. 144). In that letter, which is hereafter referred to as "Plaintiff's Objection," plaintiff asserts:

> Judge Pollack [*sic*] appears to have based her decision on two points, 1) The taking a deposition of a witness usually takes place later in the case, and 2) A conversation she had with the office of "risk management" and the information provided by that office, that Dr. Williams regularly shows up for work the four days that he is assigned to work. Assuming that both are true statements of fact, neither has anything to do with the present circumstances in this case, i.e. the goal of preserving the testimony of this very important witness . . . .

*Id.* Plaintiff alleges that "[t]aking this witnesses [*sic*] testimony at this time is not prejudicial to defendants, and yet is critical to plaintiff, should Dr. Williams not be available to testify . . . ." *Id.*

In an endorsed order dated June 10, 2013, this Court informed the parties that it construed plaintiff's letter to constitute objections to Judge Pollak's May 29 Order (Dkt. No. 145). The endorsed order gave defendants until June 18, 2013, in which to file a reply. On June 13, 2013,

3

defendants' counsel responded to this Court's order by sending a letter which largely recounts the history of plaintiff's request for an expedited deposition. That letter concludes, "As there is no indication that Dr. Williams is in poor health, his deposition should take place at the appropriate stage." Letter to Hon. Sandra L. Townes from Asst. Corp. Counsel Jessica Giambrone, dated June 13, 2013, at 2.

On June 11, 2013, plaintiff sent this Court another letter, again requesting that this Court "immediately act to set aside Judge Pollack's [*sic*] order, and allow the scheduled deposition for June 20, 2013, or before that if I can arrange it." Letter to Hon. Sandra L. Townes from Dr. Simpson Gray, dated June 11, 2013. However, plaintiff also alleges that Dr. Williams has not been able to meet with him for the last two weeks "due to his health." *Id.* Moreover, plaintiff contends that when Anna Muller, a hospital employee, called to cancel his June 11 appointment, she stated that Dr. Williams is "seriously ill." *Id.*

## *DISCUSSION*

Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may object to a magistrate judge's order relating to a non-dispositive pretrial matter within 14 days of being served with a copy of that order. A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this highly deferential standard of review, a district court may reverse the order only if "on the entire evidence," the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Accordingly, "a party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.*, No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011).

Plaintiff has not met this heavy burden. Indeed, plaintiff appears to misapprehend the very nature of an application for expedited discovery. Plaintiff denies that Judge Pollak's finding that Dr. Williams, although 75 years old, was still working four days per week and considered himself to be in good health "has anything to do with the present circumstances in this case, i.e. the goal of preserving the testimony of this very important witness . . . ." Plaintiff's Objection at 1. In fact, the state of Dr. Williams' health is central to plaintiff's application for an expedited deposition.

Plaintiff's application is predicated on the representation that Dr. Williams is in such poor health as to make it necessary to preserve his testimony through an immediate deposition. For this reason, Judge Pollak expressly required that plaintiff provide proof, in the form of a letter from Dr. Williams, regarding the doctor's health. Since plaintiff never provided any such proof, Judge Pollak could have denied plaintiff's application on that basis alone. Instead, Judge Pollak elected to obtain that proof herself. However, Judge Pollak discovered that Dr. Williams was not in poor health and, therefore, appropriately determined that there was no need for an expedited deposition. That ruling was not clearly erroneous. Indeed, if Judge Pollak made any error at all, it was taking the extraordinary step of calling Flushing Hospital herself in an effort to obtain the information that plaintiff was ordered to provide.

Plaintiff's belated attempt to provide proof of Dr. Williams' health is not only irrelevant to the question of whether the May 29 Order was erroneous, but insufficient to demonstrate a change in Dr. Williams' circumstances. Plaintiff's letter dated June 11, 2013, provides only hearsay from a hospital employee, who may or may not have personal knowledge of Dr. Williams' medical condition. The employee did not explain the nature of Dr. Williams' illness

5

or state that Dr. Williams would be unable to keep his subsequent appointments. Moreover, assuming *arguendo* that Dr. Williams currently has a serious illness which prevents him from working, he would be unable to attend the June 20 deposition.

## CONCLUSION

For the reasons set forth above, this Court finds that plaintiff's objections to Magistrate Judge Pollak's order dated May 29, 2013, are entirely without merit. The deposition of Dr. Charles Williams, noticed for June 20, 2013, will not be held on that date. As provided in Judge Pollak's May 29 Order, plaintiff may renew his application for an expedited deposition if he can provide competent evidence from someone with personal knowledge of Dr. Williams' condition to establish that Dr. Williams is no longer working or in good health.

**SO ORDERED.**

S/
/SANDRA L. TOWNES
United States District Judge

Dated: June 17, 2013
Brooklyn, New York